STATE OF NORTH CAROLINA v. TERRY LYNN BRYANT

No. 7610SC506

(Filed 3 November 1976)

Criminal Law § 34— evidence of defendant's possible involvement in other crimes

> In this prosecution for felonious possession of marijuana, the trial court erred in the admission of an SBI agent's testimony that he investigated "the possibility" that defendant, a guard at Central

Prison, was taking marijuana into the prison since the testimony pertained to a mere suspicion of other crimes and impeached defendant's credibility when defendant had not even testified.

APPEAL by defendant from *Godwin, Judge.* Judgment entered 10 March 1976 in Superior Court, WAKE County. Heard in the Court of Appeals 21 October 1976.

Defendant was tried for felonious possession of marijuana. SBI Agent Ray Brown testified for the State that he received a telephone call from Warden Garrison at Central Prison and then began an investigation into "the possibility" that defendant, a guard at Central Prison, was taking marijuana into the prison. Defendant, thereafter, testified in his own behalf that he received the marijuana unsolicited, and that at the time of his arrest he intended to turn over the drugs to the authorities.

From a verdict of guilty defendant appealed to this Court.

*Attorney General Edmisten, by Associate Attorney Jerry B. Fruitt, for the State.*

*Kirk, Ewell & Tantum, by John E. Tantum, for defendant appellant.*

ARNOLD, Judge.

Before defendant testified in his own behalf the State offered testimony concerning defendant's possible involvement in transporting marijuana into Central Prison. Error is assigned to the admission of this evidence, and the assignment has merit.

The State concedes that evidence of other crimes is inadmissible on the issue of guilt if its only relevancy is to show the character of the accused, or his disposition to commit an offense in the nature of the one with which he is charged. However, the State reviews the recognized exceptions to this rule as set forth in *State v. McClain,* 240 N.C. 171, 81 S.E. 2d 364 (1954), and argues that under certain of these exceptions the testimony was admissible.

If a defendant may not be cross-examined for purposes of impeachment as to whether he has been *indicted* for other crimes, *State v. Williams,* 279 N.C. 663, 185 S.E. 2d 174 (1971), then, *a fortiori,* direct evidence by the State concerning "the possibility that . . . [defendant] was bringing marijuana into the walls of Central Prison" is inadmissible. This evidence does not

pertain to convictions of other crimes, as discussed in *State v. McClain, supra,* and it carries even less weight than formal accusations of other crimes, as discussed in *Williams.* Such evidence pertains only to mere suspicion, and it impeached defendant's credibility when defendant had not even testified. This evidence had no probative value except to highly prejudice defendant.

New trial.

Judges MORRIS and CLARK concur.